UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4818 SVW (FMOx) | Date | December 4, 2008 |
|---|---|---|---|
| Title | John J. Rizzi v. City of Indian Wells, et al. | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Paul M. Cruz | N/A | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| N/A | | N/A | |

**Proceedings:**    IN CHAMBERS ORDER re DEFENDANTS' MOTIONS TO DISMISS [12, 15] [JS-6]

     Pro se Plaintiff John Rizzi ("Plaintiff") is a tenant of a housing project built and established by Defendant City of Indian Wells (the "City") commonly known as "Mountain View Villas." (See Compl. ¶¶ 1, 3, 6.) The City established Mountain View Villas under the authority of California's Community Redevelopment Law, California Health & Safety Code § 33000 et seq., to satisfy obligations to provide for low and moderate income housing. Plaintiff brings this suit based on alleged violations of his constitutional right to equal protection under the Thirteenth and Fourteenth Amendments of the Federal Constitution and civil rights statutes such as 42 U.S.C. §§ 1981-1983, 1985(3) and 2000d. (See Compl. ¶3.) Plaintiff also alleges various violations of the California Health & Safety Code. Plaintiff has named as defendants the City, City officials Greg Johnson and Stephen Deitsch, as well as Mountain View Villas' management company, National Community Renaissance, and its employee Jim Alberti (collectively "Defendants"). Defendants now move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

     Plaintiff claims, on behalf of himself and those similarly situated, that Defendants discriminate against individuals in the "extremely low income" bracket. The City concedes that Mountain View Villas' rent structure is limited to the "very low," "low," and "moderate income" categories and that there is no reduced rate for "extremely low income" tenants. (City Mot. 3.) The City maintains, however, that there is no requirement that the City provide a separate rental rate classification for "extremely low income" tenants.

     "Governmental actions that infringe upon a fundamental right receive strict scrutiny. However, government actions that do not affect fundamental rights or liberty interests and do not involve suspect

---

[1] Although the City, Deitsch and Johnson filed a separate motion to dismiss (Docket No. 12.) from National Community Renaissance and Alberti's motion to dismiss (Docket No. 15), both motions contain the same pertinent argument. As such, the Court will address both motions together.

|  | : |  |
|---|---|---|
| Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4818 SVW (FMOx) | Date | December 4, 2008 |
|---|---|---|---|
| Title | John J. Rizzi v. City of Indian Wells, et al. | | |

classifications will be upheld if . . . they are rationally related to a legitimate state interest." Fields v. Palmdale Sch. Dist., 427 F.3d 1197, 1208 (9th Cir. 2005) (citing Mullins v. Oregon, 57 F.3d 789, 793 (9th Cir. 1995), and Vacco v. Quill, 521 U.S. 793 (1997)). Here, Plaintiff alleges discrimination based on income bracket. The Supreme Court has repeatedly held that income is not a suspect classification. See Papasan v. Allain, 478 U.S. 265, 283-84 (1986); San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 29 (1973). Therefore, Plaintiff's claims should be reviewed by applying the rational basis test. See Kahawaiolaa v. Norton, 286 F.3d 1271, 1277-78 (9th Cir. 2004) (applying the rational basis test on a motion to dismiss).

Plaintiff makes no allegation that there is no rational basis for not offering a reduced rate for "extremely low income" tenants. Further, California law allows the City to include the "extremely low income" rent classification within the "very low income" rental structure. See Health & Safety Code § 50105 (b) ("'Very low income households' includes extremely low income households, as defined in Section 50106."). Accordingly, the City argues that because it is following California law in treating "extremely low income" tenants the same as "very low income" tenants, the Defendants' actions pass the rational basis test.

The Court finds that while there is a distinction between "extremely low income" and "very low income," California law allows "very low income" to include "extremely low income." Thus, there is a rational basis for Defendants treating "extremely low income" tenants the same as "very low income" tenants. Accordingly, the Court finds Plaintiff's discrimination claim fails as a matter of law.

Because this Order dismisses Plaintiff's federal claim, this Court does not have grounds for jurisdiction over Plaintiff's state law claims. See 28 U.S.C. § 1367. Thus, those claims are dismissed for lack of jurisdiction.

Defendants' Motions to Dismiss are hereby GRANTED.

| | : |
|---|---|
| Initials of Preparer | PMC |